UNITED STATES DISTRICT COURT
DISTRICT OF MARYLAND

CHAMBERS OF
AJMEL A. QUERESHI
UNITED STATES MAGISTRATE JUDGE

U.S. COURTHOUSE
6500 CHERRYWOOD LANE
GREENBELT, MARYLAND 20770
(301) 344-0393

September 30, 2022

LETTER TO COUNSEL

**RE:** *Theresa G. v. Kilolo Kijakazi, Commissioner, Social Security Administration*
**Civil No. AAQ-21-02398**

Dear Counsel:

On September 18, 2021, Plaintiff petitioned this Court to review the Social Security Administration's ("SSA's") final decision to deny her claim for disability insurance benefits under Title II of the Social Security Act. ECF No. 1. I have considered the parties' cross-motions for summary judgement, and I find that no hearing is necessary. *See* Loc. R. 105.6 (D. Md. 2021). This Court must uphold the decision of the SSA if it is supported by substantial evidence and if the SSA employed proper legal standards. *See* 42 U.S.C. §§ 405(g), 1383(c); *Craig v. Chater*, 76 F.3d 585, 589 (4th Cir. 1996). Under that standard, I will remand this case for further proceedings because the ALJ's inadequate analysis in assessing Plaintiff's residual functional capacity ("RFC") frustrates meaningful review.

## I.  The History of this Case

Plaintiff filed her claim for financial assistance on April 23, 2019, and alleged a disability onset date of December 14, 2018. ECF No. 9 at 15. The Social Security Administration denied Plaintiff's claim initially and upon reconsideration. *Id.* Plaintiff then requested a hearing before an Administrative Law Judge ("ALJ"), which was held on March 17, 2021. *Id.* After that hearing, the ALJ determined Plaintiff did not have a disability as defined by the Social Security Act during the relevant time frame. *Id.* at 28. Since the Appeals Council denied Plaintiff's request for review, *id.* at 1, the ALJ's decision reflects the final, reviewable decision of the SSA. *Sims v. Apfel*, 530 U.S. 103, 106-07 (2000); *see also* 20 C.F.R. § 422.210(a).

The ALJ found that Plaintiff suffered from the severe impairments of "post-traumatic stress disorder (PTSD), attention deficit hyperactivity disorder (ADHD), and major depressive disorder." ECF No. 9 at 18. When considering whether these severe impairments met or equaled the severity of one of the listed impairments in 20 C.F.R. § Part 404, Subpart P, Appendix 1 ("Paragraph B" limitations), the ALJ found Plaintiff had moderate restrictions in the following four areas: (1) understanding, remembering, or applying information; (2) interacting with others; (3) concentration, persistence, or maintaining pace; and (4) adapting or managing oneself. ECF No. 9 at 19-21. Despite these impairments, the ALJ determined that Plaintiff retained the RFC:

Case 8:21-cv-02398-AAQ   Document 18   Filed 10/01/22   Page 2 of 6

*Theresa G. v. Kilolo Kijakazi, Commissioner, Social Security Administration*
Civil No. AAQ-21-02398
September 30, 2022
Page 2

> Perform a full range of work at all exertional levels but with the following nonexertional limitations: the claimant can perform simple, routine and repetitive tasks in a low-stress work environment, with low-stress defined as no strict production quotas, and no assembly line pace work. She can perform work involving occasional interaction with supervisors, co-workers, and the general public. Changes in the claimant's work duties must be introduced gradually.

*Id.* at 21. The ALJ determined that the Plaintiff was unable to perform past relevant work as a triage nurse/nurse office, operating nurse/nurse general duty, or floor nurse/nurse licensed practical. *Id.* at 26-27. However, the ALJ determined that she did not have a disability because she could perform other jobs that existed in significant numbers in the national economy. *Id.* at 27. As a result, the ALJ denied Plaintiff's claim for disability benefits. *Id.* at 28.

## II. Plaintiff's Arguments on Appeal

On appeal, Plaintiff argues the ALJ: (1) erroneously assessed Plaintiff's RFC; and (2) erroneously evaluated Plaintiff's subjective complaints. ECF No. 12-1 at 3, 11.

Plaintiff's first argument is that the ALJ erroneously assessed her RFC. ECF No. 12-1 at 3. Specifically, Plaintiff contends that the ALJ: (1) failed to provide an adequate explanation of his determination that Plaintiff would be capable of maintaining concentration, attention, or pace for ninety percent of the workday; (2) failing to properly evaluate pertinent evidence; and (3) failing to properly address Plaintiff's circulatory impairment. ECF No. 12-1 at 3-11.

When determining a claimant's RFC, an ALJ must conduct a function-by-function assessment of the claimant's ability to do work-related activities. Social Security Ruling 96-8p. A proper function-by-function assessment of a claimant's abilities includes a "narrative discussion describing how the evidence supports each conclusion . . ." *Thomas v. Berryhill*, 916 F.3d 307, 311 (4th Cir. 2019) (quoting Social Security Ruling 96-8p). The assessment must have three components: (1) evidence; (2) a logical explanation; and (3) a conclusion. *Id*. Where an ALJ's decision has "applied the correct legal standards" and where the factual findings are "supported by substantial evidence," the ALJ's determination should be affirmed. *Bird v. Comm'r of Soc. Sec. Admin.*, 699 F.3d 337, 340 (4th Cir. 2012).

Applying these standards, I begin with Plaintiff's claim that the ALJ's RFC assessment was in error because the ALJ failed to explain his determination that Plaintiff would be capable of maintaining concentration, attention, or pace for ninety percent of the workday.

### A. Applicable Law

The Fourth Circuit has rejected a per se rule requiring remand in the absence of an explicit function-by-function assessment, instead holding that "remand may be appropriate 'where an ALJ fails to assess a claimant's capacity to perform relevant functions, despite contradictory evidence

Case 8:21-cv-02398-AAQ   Document 18   Filed 10/01/22   Page 3 of 6

*Theresa G. v. Kilolo Kijakazi, Commissioner, Social Security Administration*
Civil No. AAQ-21-02398
September 30, 2022
Page 3

in the record, or where other inadequacies in the ALJ's analysis frustrate meaningful review.'" *Mascio v. Colvin*, 780 F.3d 632, 636 (4th Cir. 2015) (quoting *Cichocki v. Astrue*, 729 F.3d 172, 177 (2d Cir. 2013)) (per curiam). Where the court is "left to guess about how the ALJ arrived at his conclusions on [claimant's] ability to perform relevant functions [,] . . . remand is necessary." *Id.* at 637.

In *Mascio*, the Fourth Circuit went on to hold that "an ALJ does not account 'for a claimant's limitations in concentration, persistence, and pace by restricting the hypothetical question to simple, routine, or unskilled work.'" *Id.* at 638 (quoting *Winschel v. Comm'r of Soc. Sec.*, 621, F.3d 1176, 1180 (11th Cir. 2011)). The court distinguished between the ability to perform simple tasks and the ability to stay on task, explaining that only accommodations for the latter would account for moderate difficulty in concentration, persistence, or pace. *Id.* Where a claimant has a moderate difficulty in concentration, persistence, or pace, the ALJ must "either include a corresponding limitation in her RFC assessment, or explain why no such limitation is necessary." *McLaughlin v. Colvin*, 200 F.Supp. 3d 591, 600 (D. Md. 2016).

In interpreting *Mascio*, this Court has repeatedly found that non-exertional limitations to "simple, routine tasks" and "no assembly line pace work" are inadequate to accommodate a claimant's limitation in concentration, persistence, or pace, unless supported by an explanation. *Ansah v. Saul*, No. 1:19-cv-02503-JMC, 2021 WL 962702, at *3 (D. Md. Mar. 12, 2021); *Sheri S. v. Saul*, No. 1:19-cv-01924-GLS, 2020 WL 4579871, at *5 (D. Md. Aug. 7, 2020); *Antwan S. v. Saul*, No. 8:18-cv-02891-TMD, 2020 WL 869245, at *5 (D. Md. Feb. 21, 2020).

In *Ansah*, the ALJ assessed the claimant's "Paragraph B" factors and found, like Plaintiff, he had moderate limitations in concentration, persistence, or maintaining pace. *Ansah*, 2021 WL 962702, at *2. Considering this limitation in concert with the claimant's other impairments, the ALJ found that "the claimant is limited to simple, routine, and repetitive tasks in a low-stress work environment, defined as no strict production quotas" and "can occasionally interact with the public, coworkers, and supervisors." *Id*. at *2. In reviewing the ALJ's decision, this Court found the ALJ failed to provide adequate explanation for how these non-exertional limitations accounted for claimant's moderate limitations. *Id.* at *4; *see also Antwan S.,* 2020 WL 869245, at *5 (holding that the ALJ's hypothetical to the VE and corresponding RFC assessment failed to account for Plaintiff's moderate limitation in concentrating, persisting, or maintaining pace).

Along these lines, this Court has likewise found that where an ALJ receives testimony from a VE regarding the percentage of the day that a plaintiff must remain on task to find employment, the ALJ must account for how the plaintiff will be able to do so, given their limitations in concentration, persistence or pace. For example, in *Sheri S. v. Saul*, the VE opined that "if an individual is consistently off-task for approximately 15 percent or more of an eight-hour shift, it would preclude ability to maintain a job." 2020 WL 4579871 at *6. This Court found that a limitation to "simple, routine, repetitive tasks but not a production-rate pace (e.g., no assembly line work)" was inadequate to accommodate the plaintiff's moderate limitations in concentration,

persistence or pace, *id.* at *2-6, because ALJ failed to explain how, given plaintiff's limitations, she would be able to stay on task for eighty-five percent of the workday. *Id.* at *6; *see also Ansah*, 2021 WL 962702, at *5 (faulting the ALJ for failing to explain how a claimant with moderate limitations in concentration, persistence, or pace could remain productive for eighty-five percent of the day, as the VE stated was necessary), *Antwan S.*, 2020 WL 869245, at *6 (ordering remand because the ALJ "fail[ed] to explain how, despite [claimant's] moderate limitation in concentrating, persisting, or maintaining pace, he could be productive at least [ninety percent] of the time in an eight-hour workday").

### B. Discussion

The facts of this case are analogous to the cases cited above. Here, the ALJ made an RFC determination which includes multiple non-exertional limits designed to accommodate for Plaintiff's limitations. Yet, the ALJ's opinion lacks sufficient narrative discussion explaining how, in light of the VE's testimony and Plaintiff's limitations in concentration, attention or pace, the Plaintiff would remain sufficiently remain on task. The VE testified that a person could not maintain employment if they were "off-task" more than ten percent of the time. ECF No. 9 at 71. Accordingly, under the applicable precedents discussed, the ALJ had to explain how someone with Plaintiff's "moderate difficulties in maintaining concentration, persistence, or pace" could "be productive or remain on task for [ninety] percent of an eight-hour workday." ECF No. 12-1 at 7.

The Commissioner responds that the ALJ's RFC was supported by sufficient evidence in the record, including specific consideration of Plaintiff's allegation that she had difficulty concentrating. ECF No. 17-1 at 7. Namely, the Commissioner notes that the ALJ's RFC analysis included discussion of treatment notes and medical opinions supporting a limitation to simple, routine, and repetitive tasks. *Id.*

It is true that the ALJ included evidence from the record to support his contention that Plaintiff can complete some discrete tasks despite her moderate difficulties in concentration, attention, or pace. ECF No. 9 at 24-25. However, he did not explain how that evidence supports a finding that Plaintiff can remain on task for ninety percent of the day. First, the ALJ did not, at any point, mention the VE's testimony regarding the percentage of time that the plaintiff must remain on task. This stymies review as it limits the reviewing court's ability to assess whether ALJ applied the proper standard in making his final determination that Plaintiff could stay sufficiently on task. *See Sheri S.*, 2020 WL 4579871, at *6 (remanding where the "ALJ's narrative did not discuss how the ALJ weighed the VE's testimony and which facts logically support the percentage of time Plaintiff could stay on task"). It appears rather that the ALJ applied a standard which asked whether Plaintiff's symptoms were as severe as she alleged. *See* ECF No. 9, at 23 ("In particular, despite alleging significant functional limitations, repeated mental examinations have failed to consistently reveal results that would be expected with the degree of limitation alleged."). While Plaintiff's limitations may not be as severe as she alleges, she may, nonetheless, not be able to stay on task to meet the standard the VE testified was necessary.

Case 8:21-cv-02398-AAQ   Document 18   Filed 10/01/22   Page 5 of 6

*Theresa G. v. Kilolo Kijakazi, Commissioner, Social Security Administration*
Civil No. AAQ-21-02398
September 30, 2022
Page 5

Second, the evidence the ALJ cited in support of its conclusion that Plaintiff will be able to remain on task is inconsistent and the ALJ failed to acknowledge, let alone resolve, those inconsistencies. *See Sheri S.*, 2020 WL 4579871, at *6 (where the ALJ does not "reconcile seemingly inconsistent findings," the court "cannot determine whether Plaintiff's moderate mental functional limitations are consistent with her ability to stay on task"). In discussing her ability to stay on task, the ALJ wrote "the claimant engaged in many activities of daily living that invariably called for some degree of concentration, including watching television, cleaning her home, meal preparation, shopping in stores, driving a car, attending church, and managing her own finances." ECF No. 9 at 20. Yet, the citations to support this assessment lead to medical records that do not discuss Plaintiff's activities of daily living (ADLs), *id.* at 451, and to a mental status exam in which a psychologist diagnosed Plaintiff with low average cognitive functioning and noted that it "takes her a very long time to complete tasks." *Id.* at 461-62. Since the ALJ ultimately found this psychologist's assessment to be unpersuasive, *id.* at 26, it is unclear where in the record the ALJ found that claimant was capable of these activities – especially in the face of contrary testimony in which Plaintiff said she rarely drives, rarely leaves her house, gets side-tracked completing basic tasks, does not walk her dogs, orders her groceries online, and only attends church via Zoom.[1] *Id*. at 43-58. While it is not within the scope of this review to "re-weigh conflicting evidence, make credibility determinations, or substitute [its] judgment," *Craig v. Chater*, 76 F.3d 585, 589 (4th Cir. 1996), the ALJ's findings fail to build a "logical bridge" from his finding of her difficulties to a conclusion that she can stay on task for ninety percent of the day. *Ansah*, 2021 WL 962702, at *5; *see also Woods v. Berryhill*, 888 F.3d 686, 694 (4th Cir. 2018) (remand is appropriate where the ALJ fails to explain how he concluded that [the plaintiff] could actually perform the tasks required). As a result, the Court is left to guess as to how the ALJ could have arrived at this conclusion given conflicting evidence. *See Mascio*, 780 F.3d at 637 ("Because we are left to guess about how the ALJ arrived at his conclusions on Mascio's ability to perform relevant functions and indeed, remain uncertain as to what the ALJ intended, remand is necessary.").

While an ALJ is not required to believe all evidence presented in front of him, a proper RFC assessment contains evidence, a logical explanation, and a conclusion. *Thomas*, 916 F.3d at 311. Here, the ALJ provided inadequate logical explanation to justify a conclusion that Plaintiff can remain on task ninety percent of the time as required to maintain employment. Such an error cannot be classified as harmless "because the ALJ's written decision is insufficient to permit adequate review." *Lawson v. Berryhill*, No. 1:17-cv-00486-TJS, 2018 WL 1135641, at *5 (D. Md. Mar. 1, 2018); *see Ansah*, 2021 WL 96702 at *5 (remand warranted because there was inadequate discussion justifying the ALJ's conclusion that the claimant could remain productive for the duration of a workday); *Sheri S.*, 2020 WL 4579871 at *6 (remand necessary because it is unclear how the RFC and ultimate disability finding incorporated Plaintiff's moderate difficulties); and *Antwan*, 2020 WL 869245 at *6 (an ALJ's failure to "both identify the evidence that supports [her]

---

[1] Likewise, while the ALJ separately referred to a mental status examination from Dr. Whicker which notes Plaintiff's concentration appeared normal, ECF No. 9 at 23, the same doctor, the week before, noted that the plaintiff "has difficulty with concentration and is generally slow." *Id.* at 552.

*Theresa G. v. Kilolo Kijakazi, Commissioner, Social Security Administration*
Civil No. AAQ-21-02398
September 30, 2022
Page 6

conclusion and 'build an accurate and logical bridge from [that] evidence to [her] conclusion' constitutes reversible error").

As this case is being remanded on other grounds, I do not need to address Plaintiff's arguments regarding the ALJ's erroneous evaluation of Plaintiff's subjective complaints. ECF No. 12-1 at 11-20. On remand, the ALJ can consider all of Plaintiff's arguments and make any required adjustments to the opinion.

### III.     Conclusion

For the reasons set forth herein, Plaintiff's Motion for Summary Judgment, ECF No. 12, is DENIED and Defendant's Motion for Summary Judgment, ECF No. 17, is DENIED. Pursuant to sentence four of 42 U.S.C. §405(g), the SSA's judgment is VACATED. This case is REMANDED for further proceedings in accordance with this opinion.

Despite the informal nature of this letter, it is an Order of the Court and should be treated accordingly. An implementing order follows.

Sincerely,

/s/
Ajmel A. Quereshi
United States Magistrate Judge